UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Thomas Anthony Frangos, et al.**

    v.                                                  Case No. 25-cv-168-PB-AJ
                                                          Opinion No. 2025 DNH 092

**The Bank of New York Mellon, et al.**

## ORDER

Bank of New York Mellon, Jonathan Flagg, and Flagg Law, PLLC (collectively "Defendants") have filed a motion for leave to appeal from a bankruptcy court ruling granting in part and denying in part Defendants' motion to sanction Thomas Frangos, Ann Frangos, and the Frances Ann Frangos Revocable Trust of 2002 (collectively "Plaintiffs") by barring them from introducing evidence at trial.

When, as in this case, the bankruptcy court has given a party leave to appeal an interlocutory order, the district court's appellate jurisdiction is based on 28 U.S.C. § 158(a)(3). Under § 158(a)(3), the district court has discretion to accept or reject an interlocutory appeal. In Re Ruiz, 122 F.4th 1, 8 (1st Cir. 2024). Because § 158(a)(3) does not provide standards to guide the court's discretion, most courts have borrowed the standard for considering interlocutory appeals from district courts to courts of appeal recognized by 28 U.S.C. § 1292(b). Id. at 9. "Interlocutory appeals under § 1292(b) require an order (1) involving a controlling question of law, (2) as to which there is

substantial ground for difference of opinion, and (3) for which an immediate appeal from the order may materially advance the ultimate termination of the litigation." Carabello-Seda v. Mun. of Hormiguero, 395 F.3d 7, 9 (1st Cir. 2005) (cleaned up). Defendants' motion does not come close to satisfying this standard.

The order the Defendants seek to appeal does not invoke a controlling question of law. Nor do substantial grounds exist to question the bankruptcy court's decision. The court issued a thoughtful decision on an issue committed to its discretion. The court used the correct legal standard and reached a reasonable result. There is no good reason for this court to exercise its appellate jurisdiction to review the bankruptcy court's decision.

Motion denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

August 12, 2025

cc:    Counsel of Record

2